IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRUSTEES OF VALLEY CARPET LAYERS
INDUSTRY TRUST FUNDS,

                No. CIV S-04-0573 LKK GGH

  Plaintiff,

vs.

SOLO FLOORING, INC.,      FINDINGS AND RECOMMENDATIONS

  Defendant.
_____/

  Plaintiff's motion for entry of default judgment against defendant Solo Flooring, Inc., filed January 12, 2005, was vacated from this court's calendar for February 24, 2005, and taking under submission. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

  On March 22, 2004, plaintiff filed the underlying complaint in this action against defendant Solo Flooring, Inc., alleging defendant had failed to pay contributions to plaintiff in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor-Management Relations Act, 29 U.S.C. § 185, and for failing to

1  submit "remittance reports" wherein defendant was required to calculate obligated contributions
2  to the plan. The summons and complaint were personally served on defendant Solo Flooring
3  Inc., on April 1, 2004. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main</u>
4  <u>Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal
5  jurisdiction). Defendant has failed to file an answer or otherwise appear in this action. On May
6  18, 2004, the clerk entered default against defendant Solo Flooring, Inc.

7  The instant motion for default judgment and supporting papers were served by
8  mail on defendant at its last known address. Defendant filed no opposition to the motion for
9  entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of
10 $7,069.85 which includes $6,513 in attorneys' fees, $371.85 in costs and $185 in principal
11 contributions, as well as a permanent injunction requiring defendant to timely file reports and pay
12 contributions in the future as long as defendant is obligated to the collective bargaining
13 agreement.

14 <u>DISCUSSION</u>

15 Entry of default effects an admission of all well-pleaded allegations of the
16 complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir.
17 1977). The court finds the well pleaded allegations of the complaint state a claim for which
18 relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976). The
19 declarations filed in support of the application for default judgment also supports the finding that
20 plaintiff is entitled to the damages and fees and costs requested. There are no policy
21 considerations which preclude the entry of default judgment of the type requested. See <u>Eitel v.</u>
22 <u>McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

23 Although the amount of fees and costs far exceed the amount of unpaid
24 contributions, plaintiff has satisfactorily explained why such fees and costs were reasonably and
25 necessarily incurred. The court, in its discretion, recommends that such fees and costs be
26 allowed. See 29 U.S.C. § 1132(g)(1). The court declines to recommend injunctive relief,

1 however.  There are conflicting reports regarding defendant's current status as signatory.  Renner
2 Decl., ¶ 5; Mem. P & A, at 8.  Therefore, the court will not recommend anticipatory injunctive
3 relief which may not be appropriate at the present time, and which would continue for an
4 indefinite time in the future.

5       In view of the foregoing findings, it is the recommendation of this court that
6 plaintiffs' motion for entry of default judgment be GRANTED in part and DENIED in part.
7 Judgment should be rendered in the form of damages only, in the total amount of $7,069.85,
8 which reflects unpaid contributions, attorneys' fees and costs.  Plaintiff's request for injunctive
9 relief should be denied.

10       These findings and recommendations are submitted to the Honorable David F.
11 Levi, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
12 Within ten days after being served with these findings and recommendations, any party may file
13 written objections with the court and serve a copy on all parties.  Such a document should be
14 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
15 objections shall be served and filed within ten days after service of the objections.  The parties
16 are advised that failure to file objections within the specified time may waive the right to appeal
17 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: 4/22/05

20       /s/ Gregory G. Hollows
21       _____
      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

GGH:076
23 Trustees0573.def.wpd